**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

LAMAR WOODS,

Plaintiff,

v. Case No. 5:24-cv-119-MW-MJF

DANIELLA K. JONES, *et al.*,

Defendants.

_______________________________/

## REPORT AND RECOMMENDATION

Lamar Woods, a prisoner proceeding *pro se*, has filed an amended civil rights complaint. Doc. 8. The undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. § 1915A(b)(1), for Woods's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND

Woods (#M88806) is a Florida prisoner confined at the Jackson Correctional Institution. Doc. 8 at 2 in ECF.[1] Woods is suing two prison officials at Jackson CI: Warden Heath Holland and Sergeant Danielle K.

[1] Citations to page numbers of the complaint are to the numbers assigned by the District Court's Electronic Case Filing system ("ECF").

Jones. *Id.* at 2–3. Woods claims that Jones violated the Eighth Amendment when she used excessive force on Woods on April 28, 2024. Doc. 8 at 5–6. Woods seeks to hold Warden Holland liable as Jones's supervisor, because Holland allegedly failed to properly train Jones. *Id.* at 8. Woods seeks compensatory and punitive damages, and transfer to another prison. *Id.*

## II. DISCUSSION

### A. Screening of Woods's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*,

888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B. Woods's Reponses to Questions on the Complaint Form**

Woods provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 8 at 10–14. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.* at 8–12.

In response to the foregoing questions, Woods responded "Yes" to Question VIII(C). Doc. 8 at 10. Woods then disclosed his direct appeal in the Florida Fourth District Court of Appeal, Case No. 4D23-1077. Woods disclosed no other cases.

At the end of the civil rights complaint form—which Woods signed on September 3, 2024—Woods signed his name after the following

certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 8 at 11–12. Thus, Woods has in effect stated that at the time he filed this lawsuit, he had not filed any other lawsuit relating to his conditions of confinement, and had not had any case in federal court dismissed prior to service.

**C. <u>Woods's Omission</u>**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Woods filed his original and amended complaints in this case, he had filed *at least* one prior case that required disclosure. Specifically, on February 16, 2024, Woods filed a civil rights case in the United States District Court for the Northern District of Florida challenging the conditions of his administrative confinement at Liberty Correctional Institution. *Woods v. Copeland*, No. 4:24-cv-81-WS-MAF, Compl. Doc. 1 (N.D. Fla. Feb. 16, 2024). The case was dismissed on May 10, 2024, prior to service, on the grounds that the complaint was an impermissible shotgun pleading, for failure to comply with court orders, and for failure to file a proper *in forma pauperis* motion or pay the filing fee. *Id.*, Doc. 6.

Woods did not disclose the *Copeland* action in his complaint filed in the present case. *See* Docs. 1, 8. The foregoing case falls squarely within the complaint form's disclosure requirements. It was a lawsuit Woods filed in federal court challenging his confinement conditions, and it was dismissed prior to service. Woods's failure to disclose this case violates his duty of candor to this court.

**D. <u>The Materiality of Woods's Omission</u>**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or

repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent

verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Woods falsely responded to questions on the complaint form as detailed above. At the time Woods filed his amended complaint in this case, he knew that his civil rights case in *Woods v. Copeland*, No. 4:24-cv-81-WS-MAF, had been dismissed and that the case concerned his confinement conditions.

There is no excuse for Woods's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *Kendrick*, 2022 WL 2388425, at *2–3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure). Woods knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 8 at 8.

A penalty is warranted both to deter Woods from such conduct and to deter others from similar misrepresentations and material omissions.

**E. The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Woods's false responses to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

If Woods suffered no penalty for his untruthful responses, there would be little or no disincentive for Woods's attempt to evade or undermine the purpose of the form. An appropriate sanction for Woods's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Wynn v. Postal Serv.*, 735 F. App'x

704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Woods an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964–65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior

actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for maliciousness and abuse of the judicial process under 28 U.S.C. § 1915A(b)(1).

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 4th day of November 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within**

**fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**